UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

MARCO GLISSON,

    Defendant.

2:09-cv-0104-LDG-GWF

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

    The Securities and Exchange Commission ("SEC") brought this action asserting that Marco Glisson violated Section 5 of the Securities Act of 1933 (the "Securities Act") by selling unregistered securities and violated Section 15(a) of the Securities Exchange Act of 1934 (the "Exchange Act") by acting as a securities broker-dealer without first registering with the SEC. *See* 15 U.S.C. § 77e(a), (c); *id.* § 78o(a). Glisson, however, contends that he did not act as a broker-dealer in any unregistered securities transactions. Glisson also maintains that, in any event, genuine issues of material fact exist regarding the scope of his securities transaction activities. The SEC has now moved for summary judgment (#22, opposition #27, reply #33).

    A grant of summary judgment is appropriate only where the moving party has demonstrated through "the pleadings, the discovery and disclosure materials on file, and any affidavits" that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (a), (c); *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986). All justifiable inferences must be viewed in the light most favorable to the non-moving party. *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

1  The moving party bears the initial burden of showing the absence of a genuine issue of material
2  fact. *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 531 (9th Cir. 2000).  The burden then
3  shifts to the non-moving party to go beyond the pleadings and set forth specific facts
4  demonstrating there is a genuine issue for trial. *Id.*  The party opposing summary judgment "must
5  cite to the record in support of the allegations made in the pleadings to demonstrate that a genuine
6  controversy requiring adjudication by a trier of fact exists." *Taybron v. City & County of San
7  Francisco,* 341 F.3d 957, 960 (9th Cir. 2003).  If the non-moving party meets its burden, summary
8  judgment must be denied. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324
9  (1986).

10  The SEC has failed to demonstrate that it is entitled to judgment as a matter of law and that
11  there are no genuine issues of material fact.  The SEC alleges that Glisson violated Sections 5(a)
12  and 5(c) of the Securities Act by selling unregistered stock through the instrumentalities of
13  interstate commerce. *See* 15 U.S.C. § 77e(a), (c).   These provisions of the Securities Act,
14  however, "shall not apply to . . . transactions by any person other than an issuer, underwriter, or
15  dealer." *Id.* § 77d(1).  The SEC accordingly maintains that Glisson "acted as and constituted a
16  'dealer' in accordance with the definition set forth in Section 3(a)(5) of the Exchange Act." Pl.'s
17  Mot. for Summ. J. 14, ECF No. 22.  The SEC, however, fails to present any analysis or allegation
18  that Glisson acted as and constituted a "dealer" in accordance with the definition set forth in
19  Section 2(a)(12) of the Securities Act. *See* 15 U.S.C. § 77b(a)(12).  Furthermore, even assuming
20  that Glisson acted as a "dealer" as defined in the Securities Act, Glisson has raised a genuine issue
21  of material fact that his actions constituted the specific acts for which a "dealer" may be liable
22  under the Securities Act. *See id.* § 77d(3).  The SEC also alleges that Glisson violated Section
23  15(a) of the Exchange Act by failing to register with the SEC or to associate with a registered
24  broker or dealer. *See* § 78o(a).  The Exchange Act requires a "broker" or "dealer" of securities to
25  either register with the SEC or associate with a registered person or entity. *Id.*  Under the
26

Exchange Act, a "broker" is "any person engaged in the business of effecting transactions in securities for the account of others." *Id.* § 78c(a)(4)(A).  Also under the Exchange Act, a "dealer" is "any person engaged in the business of buying and selling securities for such person's own account through a broker or otherwise" unless that person "buys or sells securities for such person's own account, either individually or in a fiduciary capacity, but not as a part of a regular business." *Id.* § 78c(a)(5)(A), (B).  Genuine issues of material fact exist as to whether Glisson engaged either "in the business of effecting transactions in securities for the account of others" or "engaged in the business of buying and selling securities" as part of a "regular business." Therefore, the SEC has failed to demonstrate that it is entitled to judgment as a matter of law and that there are no genuine issues of material fact.  Accordingly,

THE COURT HEREBY ORDERS that the SEC's Motion for Summary Judgment (#22) is DENIED.

DATED this 23 day of September, 2010.

_____
Lloyd D. George
United States District Judge

3