

JOHN B. BULGOZDY, Cal Bar No. 219897
E-mail: bulgozdyj@sec.gov
DAVID J. VAN HAVERMAAT, Cal. Bar No. 175761
E-mail: van havermaatd@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Associate Regional Director
John W. Berry, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone:  (323) 965-3998
Facsimile:   (323) 965-3908

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MARCO GLISSON,<br><br>Defendant | Case No. 2:09-cv-00104-LDG-GWF<br><br>[~~PROPOSED~~] FINAL JUDGMENT AS TO DEFENDANT MARCO GLISSON |
|---|---|

Plaintiff Securities and Exchange Commission having filed a Complaint and Defendant Marco Glisson ("Glisson") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

### I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77e(a) and (c), by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed

with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

## II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78o(a), by making use of the mails or any means or instrumentality of interstate commerce to effect any transaction in, or to induce or attempt to induce the purchase or sale of, any security, without being registered as a broker or dealer in accordance with Section 15(b) of the Exchange Act, 15 U.S.C. § 78o(b).

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. § 240.3a51-1.

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $2,765,650.65, representing profits gained

2

1  as a result of the conduct alleged in the Complaint, together with prejudgment
2  interest thereon in the amount of $670,574.79, for a total of $3,436,225.44. The
3  Commission may enforce the Court's judgment for disgorgement and prejudgment
4  interest by moving for civil contempt (and/or through other collection procedures
5  authorized by law) at any time after 14 days following entry of this Final
6  Judgment. In response to any such civil contempt motion by the Commission, the
7  Defendant may assert any legally permissible defense.
8      Defendant shall satisfy his obligations under this paragraph by paying the
9  total amounts of disgorgement and prejudgment interest set forth above within 14
10 days after entry of this Final Judgment by certified check, bank cashier's check, or
11 United States postal money order payable to the Securities and Exchange
12 Commission. The payment shall be delivered or mailed to the Office of Financial
13 Management, Securities and Exchange Commission, 100 F Street, NE, Stop 6042,
14 Washington, DC 20549, and shall be accompanied by a letter identifying the
15 remitter as a defendant in this action; setting forth the title and civil action number
16 of this action and the name of this Court; and specifying that payment is made
17 pursuant to this Final Judgment. Defendant shall pay post-judgment interest on
18 any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall
19 remit the funds paid pursuant to this paragraph to the United States Treasury.
20                              **V.**
21     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that
22 Defendant shall pay a civil penalty in the amount of $1,400,000.00 pursuant to
23 Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the
24 Exchange Act, 15 U.S.C. § 78u(d)(3). Defendant shall make this payment within
25 14 days after entry of this Final Judgment by certified check, bank cashier's check,
26 or United States postal money order payable to the Securities and Exchange

Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, 100 F Street, NE, Stop 6042, Washington DC 20549, and shall be accompanied by a letter identifying Marco Glisson as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Marco Glisson is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: April 11, 2012

THE HON. LLOYD D. GEORGE
UNITED STATES DISTRICT JUDGE